**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC BACCA, an individual, and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>BMW OF NORTH AMERICA, LLC.,<br><br>   Defendants. | CASE NO. CV 06-06753 DDP (AJWx)<br><br>Honorable Dean D. Pregerson<br><br>**ORDER OF DISMISSAL AND FINAL JUDGMENT** |

   This matter came before the Court for hearing pursuant to the Order Granting Preliminary Approval Of Class Settlement dated March 2, 2009 ("Preliminary Approval Order"), and on application of the parties for final approval of the parties' Settlement Agreement dated December 19, 2008 ("Agreement"). Due and adequate notice having been given of the settlement set forth in the Agreement ("Settlement") as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor,

   **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

   1. All defined terms used in this Judgment have the same meanings as set forth in the Agreement.

   2. The prior preliminary certification of the Class is hereby made final for purposes of the Settlement. The Class is defined as:

1 All United States residents who (i) currently own or lease a Class Vehicle, or (ii) formerly owned or leased a Class Vehicle and incurred an out-of-pocket expense relating to the repair of his/her vehicle's sub-frame due to the Sub-Frame Condition.

Class Vehicles are BMW E46 Vehicles distributed by BMW NA in the United States. The BMW E46 Vehicle consists of all 1999-2006 Model Year 3 Series vehicles and does not include the Z3 model vehicle (E36) or Z4 model vehicle (E85). Sub-Frame Condition refers to a fracture or fractures on the rear-axle supports for the sub-frame of the Class Vehicles.

Excluded from the Class are:

(1) BMW NA, its subsidiaries and affiliates, officers, directors, and employees;

(2) Insurers of Class Vehicles;

(3) All entities claiming to be subrogated to the rights of Class Members;

(4) Issuers of extended vehicle warranties;

(5) Individuals who validly opt out of the settlement;

(6) Any judge to whom this matter is assigned, and his or her immediate family;

(7) Any current or former owner or lessee of a Class Vehicle whose Class Vehicle was modified for racing, whether sanctioned or not;

(8) Any current or former owner or lessee of a Class Vehicle that has been modified with suspension parts and/or wheels of a different size; and

(9) Any current or former owner or lessee of a Class Vehicle that has released his/her claims against BMW NA related to the Sub-Frame Condition.

3. The Court hereby reaffirms its previous findings and conclusions, as set forth in the Preliminary Approval Order, that the Settlement Class meets all the requirements for certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4. The Court finds and concludes that notice has been given to all Class Members known and reasonably identifiable was the best notice practicable under the circumstances and fully satisfied due process and the requirements of Rule 23 of the

Federal Rules of Civil Procedure. The Court further finds that notice has been given to the appropriate federal and state officials pursuant to 28 U.S.C. § 1715.

5. The Court approves the Settlement and finds that the Settlement is, in all respects, fair, reasonable, and adequate for the Class.

6. The Court hereby dismisses this action against BMW NA with prejudice as to all Class Members and without costs, except as otherwise provided in the Agreement.

7. Upon the Effective Date, the Plaintiff and each Class Member shall be deemed to have, and by operation of this Judgment shall have, released, waived, and discharged the Released Claims against the Released Persons and shall have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code section 1542 and the provisions, rights, and benefits conferred by any law of the United States, any law of any State or the District of Columbia, or any principle of common law that is similar, comparable, or equivalent to California Civil Code section 1542, which states, "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

8. Upon the Effective Date of the Settlement, the Released Persons shall be deemed to have, and by operation of this Judgment shall have, released, waived, and discharged all claims against the Representative Plaintiff and Class Counsel, and shall have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code section 1542 and the provisions, rights, and benefits conferred by any law of the United States, any law of any State or the District of Columbia, or any principle of common law that is similar, comparable, or equivalent to California Civil Code section 1542, which states, "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

9. Consideration by the Court of Class Counsel's application for attorneys' fees and expenses and for an incentive award to the Plaintiff shall be addressed by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceedings relating to the application, or any appeal from any order relating thereto or reversal or modification thereof, shall not disturb or affect this Judgment or affect or delay the finality of this Judgment.

10. Attached to this Judgment as Exhibit A is a list setting forth the name of each person who timely submitted a request for exclusion from the Class in compliance with the procedures set forth in the Preliminary Approval Order. The persons so identified shall be neither entitled to benefits from the Settlement nor bound by this Judgment. All Class Members who have not submitted such a timely exclusion request shall be bound by this Judgment.

11. The Court has reviewed and considered the objections of Howard Bloom, Madelyn O. Davis, Elizabeth Ortiz, and William E. Muno to the Settlement and hereby overrules them as follows:

    a. The objections of Howard Bloom and Madelyn O. Davis are overruled because neither individual is a member of the settlement class under the terms of the Settlement and thus neither objector has standing to make an objection to the Settlement.

    b. The objections of Elizabeth Ortiz and William E. Muno are overruled because neither objector has carried his or her burden of demonstrating that the Settlement is not fair, reasonable, or adequate. The concerns of these objectors do not appear to be shared by the settlement class, do not reflect concerns that warrant denial of settlement benefits to the remaining class members, and do not articulate any sound legal or factual reason why the Settlement should not receive final approval.

12. Neither the Agreement nor the Settlement nor this Judgment, nor any act performed or document executed pursuant to or in furtherance of the Agreement,

Settlement, or Judgment is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claims, or of any wrongdoing or liability of BMW NA; or is or may be deemed to be or may be used as an admission of, or evidence of, any fault, omission, wrongdoing or liability of BMW NA in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal.  BMW NA may file the Agreement and/or the Judgment in any action that may be brought against it in order to support any defense or counterclaim, including without limitation those based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the Settlement; (b) further proceedings, if necessary, on applications for attorneys' fees, expenses, and costs in connection with the Action and the Settlement; and (c) the Parties and the Class Members for the purpose of construing, enforcing, and administering the Agreement and this Judgment.

14. If the Settlement does not become effective in accordance with the terms of the Agreement, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

Dated: August 10, 2009

*[signature]*
The Honorable Dean D. Pregerson
United States District Judge